# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ASHLEY LOOPER

      Plaintiff,                   Case No.

v.                                       Hon.

OFFICER BIANCA MOSLEY #3836
in their individual and official capacities,

      Defendants.

---

HALL MAKLED P.C.
Hussein S. Bazzi (P 85891)
Attorneys for Plaintiff
23950 Princeton Street
Dearborn, MI 48124
313-788-8888
Hussein@hallmakled.com


LAW OFFICES OF DIANA L. MCCLAIN
Diana L. McClain (P-54781)
Attorneys for Plaintiff
7071 Orchard Lake Rd., Ste. 210
West Bloomfield, MI 48322
(248) 539-3714
dlmcclain@aol.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Ashley looper, Plantiff hereinafter by and through her attorney Diana L. McClain and for her complaint against Defendant Bionca Mosley and state the following

INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Plaintiff seeks damages arising from her unlawful seizure, false arrest, excessive force, malicious prosecution, and related constitutional violations committed by Defendant Officer Bianca Mosley while acting under color of state law.

3. Plaintiff also asserts related state-law claims for false arrest, false imprisonment, assault and battery, intentional infliction of emotional distress, and malicious prosecution.

4. Plaintiff previously filed this matter in the United States District Court for the Eastern District of Michigan on or about April 21, 2025, within the applicable statute of limitations.

5. The prior matter was dismissed without prejudice on or about April 14, 2026, solely due to Plaintiff's inability to complete service upon Defendant Bianca Mosley.

6. Plaintiff exercised diligent efforts to locate and serve Defendant Mosley; however, Plaintiff was unable to obtain a valid residential address for Defendant.

7. Upon information and belief, Defendant Mosley was unavailable for service for a substantial period of time due to medical leave from employment with the Detroit Police Department.

8. The prior dismissal was procedural only and not an adjudication on the merits.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

10. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Detroit, Wayne County, Michigan.

## PARTIES

12. Plaintiff Ashley Looper is a resident of Wayne County, Michigan.

13. Defendant Officer Bianca Mosley (#3836) was at all relevant times a sworn police officer employed by the Detroit Police Department acting under color of state law and within the scope of her employment.

FACTUAL ALLEGATIONS

14. On or about May 25, 2023, at approximately 11:26 p.m., Plaintiff was present in the Greektown area of Detroit, Michigan.

15. Earlier in the evening, Plaintiff had been involved in a verbal altercation.

16. Plaintiff informed officers that her firearm was lawfully owned and registered.

17. Plaintiff was instructed to leave the area and initially complied.

18. Plaintiff later returned to the Greektown area and was calmly walking along the sidewalk.

19. Defendant Mosley approached Plaintiff and ordered her to raise her hands.

20. Plaintiff complied with Defendant Mosley's commands and did not physically resist.

21. Defendant Mosley removed Plaintiff's firearm from Plaintiff's waistband and immediately placed Plaintiff in handcuffs.

22. Plaintiff did not threaten Defendant Mosley or engage in assaultive conduct.

23. Defendant Mosley lacked probable cause to believe Plaintiff had committed a crime.

24. Defendant Mosley falsely or recklessly exaggerated Plaintiff's conduct in order to justify Plaintiff's arrest and detention.

25. Plaintiff informed officers that she was injured, having difficulty breathing, and believed her ribs were injured, but her complaints were ignored.

26. Plaintiff was transported to Detroit Receiving Hospital for a mental-health and alcohol evaluation despite the absence of any legitimate clinical basis.

27. Plaintiff was thereafter transported to the Detroit Detention Center and charged with Carrying a Concealed Weapon.

28. The firearm recovered from Plaintiff was lawfully owned and registered.

29. The criminal charges against Plaintiff were ultimately dismissed in their entirety.

30. Defendant Mosley's actions deprived Plaintiff of her liberty, caused emotional distress, humiliation, reputational injury, physical pain, and other damages.

31. Defendant Mosley acted intentionally, maliciously, recklessly, and with deliberate indifference to Plaintiff's constitutional rights.

## COUNT I
### 42 U.S.C. § 1983 – UNLAWFUL SEIZURE / FALSE ARREST

32. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

33. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

34. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

35. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

36. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

**WHEREFORE,** Plaintiff seeks judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT II
### 42 U.S.C. § 1983 – EXCESSIVE FORCE

37. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

38. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

39. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

40. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

41. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

**WHEREFORE**, Plaintiff requests judgment against Defendant for compensatory damages, punitive damages, attorney fees, costs, interest, and all other relief deemed just and proper. in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT III
## 42 U.S.C. § 1983 – MALICIOUS PROSECUTION

42. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

43. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

44. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

45. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

46. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

**WHEREFORE,** Plaintiff requests judgment against Defendant for compensatory damages, punitive damages, attorney fees, costs, interest, and all other relief deemed just and proper. in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT IV
## FALSE ARREST / FALSE IMPRISONMENT

47. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

48. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

49. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

50. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

51. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

**WHEREFORE,** Plaintiff requests judgment against Defendant for compensatory damages, punitive damages, attorney fees, costs, interest, and all other relief deemed just and proper. in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT V
## ASSAULT AND BATTERY

52. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

53. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

54. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

55. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

56. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

**WHEREFORE,** Plaintiff requests judgment against Defendant for compensatory damages, punitive damages, attorney fees, costs, interest, and all other relief deemed just and proper. in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

58. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

59. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

60. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

61. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

**WHEREFORE,** Plaintiff requests judgment against Defendant for compensatory damages, punitive damages, attorney fees, costs, interest, and all other relief deemed just and proper. in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT VII
## MALICIOUS PROSECUTION

62. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

63. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

64. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

65. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

66. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

**WHEREFORE,** Plaintiff requests judgment against Defendant for compensatory damages, punitive damages, attorney fees, costs, interest, and all other relief deemed just and proper. in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollar, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

Respectfully submitted

**LAW OFFICES OF DIANA L. MCCLAIN**
/s/Diana L. McClain
Diana L. McClain (P-54781)

                                                      Attorneys for Plaintiff
7071 Orchard Lake Rd., Ste. 210
West Bloomfield, MI 48322

Date: May 14, 2026            (248) 539-3714  dlmcclain@aol.com

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted

**LAW OFFICES OF DIANA L. MCCLAIN**
/s/Diana L. McClain
Diana L. McClain (P-54781)
Attorneys for Plaintiff
7071 Orchard Lake Rd., Ste. 210
West Bloomfield, MI 48322

Date: May 14, 2026            (248) 539-3714  dlmcclain@aol.com